**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

APR 23 2018

JEFFREY P. ALLSTEADT, CLERK
DEPUTY CLERK - KN

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| Zeshan M. Sadek ) | Bankruptcy No. 17 B 31909 |
| (Debtor) ) | Chapter 7 |
| ) | |
| Harikrishna Madanaraj ) | |
| (Plaintiff) ) | Hon. Judge Janet S. Baer |
| ) | |
| Zeshan M. Sadek ) | |
| (Defendant) ) | Adv. Proc. No._____ |
| ) | |

## COMPLAINT

1. Zeshan M. Sadek, Debtor, has concealed the property inherited from his father.

2. Zeshan M. Sadek, Debtor, has caused malicious damage to the property by concealing the water damage for several months and thus propagating the water damage throughout the basement, totally destroying the entire basement.

3. Zeshan M. Sadek, Debtor, accrued the debt purposefully, with no intention to repay it.

## NATURE OF THE ACTION

4. This is an adversary proceeding by the Creditor [Harikrishna Madanaraj] against the Debtor [Zeshan M. Sadek], requesting the court to exempt the amount owed to the Creditor in back rent and deliberate damages from discharge. Pursuant of section 523 - Dischargeability and 14 - Recovery of money/property - other.

## BACKGROUND

5. In the past (when the debtor was still living in the creditor's house), the debtor promised the creditor that he would sell his Malaysian property and pay the rent money owed to the creditor in full.

6. The debtor also specifically requested couple of months of time to sell the property and transfer the proceeds to the creditor.

7. During the 341 meeting when the trustee gave the creditor an opportunity to ask the debtor any question. The creditor took this opportunity to remind the debtor, Zeshan M. Sadek of the Malaysian property and the promise made to the creditor.

8. Trustee was shocked as the debtor lied to the trustee about not having any property.

9. Trustee now asked the debtor if he owned any property in the USA or abroad.

10. Debtor now admitted to the fact that he did own a property in Malaysia

11. Trustee asked how he obtained the Malaysian property. To this, the Debtor mentioned that his father has given it to him as gift.

12. There was water damage caused in the basement. Not only did the debtor failed to notify the creditor, but the debtor also deliberately covered the water damage, allowing the mold to spread and damage the entire basement. The debtor then went on to purchase scented candles to suppress the foul smell. This prevented the foul smell to propagate to the neighbors.

13. Zeshan M. Sadek got divorced in April 2017. At that time, the lease renewal was due. The creditor asked if he needed the 3-bedroom townhome all to himself. Debtor lied to the creditor that he would need continue to stay in the house, promised to pay the rent and signed the lease for one year.

14. However, the debtor stopped paying his utilities from May 2017.

15. Clearly, all along the debtor was planning to file for bankruptcy. Debtor purposefully accrued debt with no intention to pay.

WHEREFORE, Harikrishna Madanaraj (Creditor), respectfully requests the Court:

A. Exempt the amount owed in back rent and deliberate damages from discharge *for the amount of $42,000 00/100*

Dated: April 23, 2018

Respectfully submitted,

*Harikrishna M*
Harikrishna Madanaraj
(Creditor and Landlord)

FILED

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

B1040 (FORM 1040) (12/15)   APR 23 2018

JEFFREY P. ALSTEADT, CLERK
DEPUTY CLERK - KN

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** (creditor)<br>HARIKRISHNA MADANARAJ | **DEFENDANTS** (Debtor)<br>ZESHAN M. SADEK |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>— | **ATTORNEYS** (If Known)<br>DAVID M. SIEGEL |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversary proceeding by the creditor against debtor requesting the court to exempt the amount owed to the creditor in back rent and deliberate damages from discharge.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other  **[2]**

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☑ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 42,000 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR ZESHAN M. SADEK | BANKRUPTCY CASE NO. 17 B 31909 | |
| DISTRICT IN WHICH CASE IS PENDING NORTHERN DISTRICT OF ILLINOIS | DIVISION OFFICE EASTERN | NAME OF JUDGE Hon. Judge Janet S. Baer |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF HARIKRISHNA MADANARAJ | DEFENDANT ZESHAN M. SADEK | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) Harikrishna M | | |
| DATE 04/23/2018 | PRINT NAME OF ~~ATTORNEY~~ (OR PLAINTIFF) HARIKRISHNA MADANARAJ | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.